ORIGINAL BY FAX

1   Curtis A. Graham, Bar No. 215745
    Robert A. Orozco, Bar No. 201532
2   Kevin D. Sullivan, Bar No. 270343
    FORD & HARRISON LLP
3   350 South Grand Avenue, Suite 2300
    Los Angeles, CA  90071
4   Telephone:  (213) 237-2400
    Facsimile:  (213) 237-2401
5   E-mail:  cgraham@fordharrison.com
             rorozco@fordharrison.com
6             ksullivan@fordharrison.com

7   Attorneys for Defendant
    CRA INTERNATIONAL, INC,

8

**Filed**

SEP 1 4 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Fee paid
NP (5)

10

11

12   DAVID SALANT, an individual,        CASE NO.  CV12-04836  PSG

13                Plaintiff,

14        v.                            **CRA INTERNATIONAL, INC.'S
                                         NOTICE OF REMOVAL**
15   CRA INTERNATIONAL, INC, a
     Massachusetts Corporation, and
16   DOES 1 through 10, inclusive,

17                Defendants.

ADR

E-filing

9

18

19

20

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:129100.3

DOCUMENT PRINTED ON RECYCLED PAPER

1    TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR

2    THE NORTHERN DISTRICT OF CALIFORNIA:

3        PLEASE TAKE NOTICE THAT Defendant CRA International, Inc.

4    ("Defendant") in the above-titled matter hereby removes to this Court the state court

5    action described below.

6    **A.   COMMENCEMENT OF ACTION IN STATE COURT**

7        1.   Plaintiff David Salant filed a Complaint on or about August 15,

8    2012 in the Santa Clara County Superior Court, Case No. 112-CV-230432, styled

9    as *David Salant v. CRA International, Inc.* A true and correct copy of said

10   complaint is attached hereto as Exhibit A.

11   **B.   NATURE OF THE SUIT**

12       2.   Plaintiff seeks damages and attorneys' fees and costs, among

13   other relief alleging unfair business practices pursuant to California Business &

14   Professions Code § 17200 *et seq.* Moreover, Plaintiff's Complaint appears to allege

15   causes of action arising from breach of contract.

16   **C.   BASIS FOR REMOVAL**

17       3.   Defendant removes this action to federal court under 28 U.S.C.

18   § 1441(b), which states that "[a]ny civil action of which the district courts have

19   original jurisdiction founded on a claim or right arising under the Constitution,

20   treaties or laws of the United States shall be removable without regard to the

21   citizenship or residence of the parties."

22       4.   Removal is proper because this action is one which the Court

23   has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one which

24   may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), in

25   that it is a civil action where the amount in controversy exceeds $75,000, exclusive

26   of interest and costs, and is between citizens of different states.

27       5.   The Complaint alleges state law claims, over which this Court

28   may exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Federal court

LA:129100.3

- 2 -

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

CRA INTERNATIONAL, INC.'S NOTICE OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

1  jurisdiction is proper because the state law claims are "so related to claims in the

2  action within [this Court's] original jurisdiction that they form part of the same case

3  or controversy[.]" (28 U.S.C. § 1367(a).) Further, Plaintiff's claims do not involve

4  novel or complex state law issues. (28 U.S.C. § 1367(c).)

5  **A.    Diversity of Citizenship**

6          1.      A person is a "citizen" of the state where he or she is domiciled.

7  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Additionally, a

8  party's residence is "prima facie" evidence of domicile. *Sadeh v. Safeco Ins. Co.*,

9  2012 U.S. Dist. LEXIS 81454, *4 (C.D. Cal. June 12, 2012) (citing *State Farm*

10 *Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

11         2.      Plaintiff was domiciled in California at all times relevant to his

12 claims. (Complaint, ¶ 1). Indeed, Plaintiff pleads in his complaint that the alleged

13 conduct complained of in this action took place in the County of Santa Clara,

14 California. (Complaint, ¶ 5.) Thus, Plaintiff is and was a citizen of California. *See*

15 28 U.S.C. § 1332(a)(1) (individual is a citizen of the State in which she is

16 domiciled).

17         3.      Defendant is not a citizen of the State of California, where this

18 action is currently pending, and thus there is complete diversity between the parties.

19 Defendant is and was, at all relevant times when this action was filed and at the

20 time of its removal, a corporation incorporated under the laws of the State of

21 Delaware and having its principal place of business in Massachusetts. (Complaint,

22 ¶ 2); *see Smith v. Ashland, Inc.*, 250 F.3d 1167, 1171 (8th Cir. 2001) (holding that

23 for diversity purposes, a corporation is a citizen of its state of incorporation and

24 state where its principal place of business is located.) No other party has been

25 named or served as of the date of this removal.

26         4.      The presence of Doe defendants in this case has no bearing on

27 diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("[f]or purposes of

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:129100.3                          - 3 -

1    removal under this chapter, the citizenship of defendants sued under fictitious

2    names shall be disregarded").

3           **B.     Amount in Controversy**

4           1.      Where a complaint alleges damages in excess of the federal

5    amount-in-controversy requirement, then the amount-in-controversy requirement is

6    presumptively satisfied unless "it appears to a 'legal certainty' that the claim is

7    actually for less than the jurisdictional minimum." *Abrego v. Dow Chemical Co.,*

8    443 F.3d 676, 683 n.8 (2006) (quoting *Sanchez v. Monumental Life Ins. Co.,* 102

9    F.3d 398, 402 (9th Cir. 1996)). Here, it is clear on the face of the Complaint and

10    the Prayer for Relief therein, that the amount in controversy far exceeds $75,000.

11    *See Singer v. State Farm Mutual Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997)

12    ("The district court may consider whether it is 'facially apparent' from the

13    complaint that the jurisdictional amount is in controversy.")

14           2.      Plaintiff seeks damages as a result of Defendant's alleged

15    failures to compensation in an amount in excess of $1,500,000.00. (Complaint, ¶

16    11.)

17           3.      In sum, although Defendant does not concede Plaintiff's claims

18    have any merit, when the relief sought by Plaintiff is examined, the amount in

19    controversy for Plaintiff's claims far exceeds the $75,000 jurisdictional

20    requirement, exclusive of interest and costs. Thus, this Court has original

21    jurisdiction over the claims asserted by Plaintiff in this action based on diversity of

22    citizenship jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

23    **II.     THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT**

24           **A.**     Defendant timely files this Notice of Removal within thirty (30) days

25    of Defendant first being made aware of the filing of Plaintiff's Complaint.

26    28 U.S.C. § 1446(b); *Parrino v. FHP, Inc.,* 146 F.3d 699, 703 (9th Cir. 1998). As

27    of the date of this removal, Plaintiff has not served Defendant.

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

1      **B.**    Defendant attaches to this Notice, all pleadings, process, orders, and

2 all other filings in the state court action of which Defendant is aware, as required by

3 28 U.S.C. § 1446(a). A true and correct copy of the Notice of Removal to Federal

4 Court is attached as Exhibit B.

5      **C.**    Venue is proper in this District under 28 U.S.C. § 1441(a) because this

6 District and Division embrace the place in which the removed action has been

7 pending—the County of Santa Clara, State of California.

8 **III.**    **NOTICE TO PLAINTIFF AND THE SUPERIOR COURT**

9      **A.**    As required by 28 U.S.C. § 1446(d), Defendant will give notice of this

10 removal to Plaintiff.

11      **B.**    As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal

12 will be filed with the Superior Court.

13 **IV.**    **CONCLUSION**

14      WHEREFORE, Defendant requests this Court remove the instant case from

15 the Superior Court of the State of California, County of Santa Clara, to the United

16 States District Court for the Northern District of California.

17

18 Dated: September 14, 2012           Respectfully submitted,

19                                  FORD & HARRISON LLP

20

21                                  By: _____

22                                     Curtis A. Graham
                                    Robert A. Orozco

23                                     Kevin D. Sullivan
                                    Attorneys for Defendant

24                                     CRA INTERNATIONAL, INC.

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:129100.3                      - 5 -

CRA INTERNATIONAL, INC.'S NOTICE OF REMOVAL
DOCUMENT PRINTED ON RECYCLED PAPER

# EXHIBIT A

*ORIGINAL*

Noah D. Lebowitz [SBN 194982]
DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, California 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
E-mail: noah@dplolaw.com

Attorneys for Plaintiff
DAVID SALANT

*UCs*

## SUPERIOR COURT OF CALIFORNIA

## IN AND FOR THE COUNTY OF SANTA CLARA

(Unlimited Jurisdiction)

FILED Santa Clara Co
08/15/12 12:23pm
David H. Yamasaki
Chief Executive Offic
By: PJauregui OTSCIVD
R#201200084310
CK $435.00

DAVID SALANT,

Plaintiff,

v.

CRA INTERNATIONAL, INC., and DOES 1
through 10, inclusive,

Defendants.

Case No.

**COMPLAINT FOR VIOLATION OF$435.00
UNFAIR COMPETITION LAW**-CV-230432
(Business & Professions Code § 17200 et
seq.)

**112CV230432**

## COMPLAINT

1.      Plaintiff David Salant ("Plaintiff" or "Salant") is an individual who resides in the
State of California.

2.      Defendant CRA International, Inc. ("CRA" or "Defendant") is a Massachusetts
corporation doing business in the State of California, with offices in various locations in the State
of California, including the County of Santa Clara.

3.      Plaintiff is ignorant of the true names and capacities of defendants sued herein as
Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names under

- 1 -
COMPLAINT

EXHIBIT A

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

1  California Code of Civil Procedure § 474. Plaintiff will amend this Complaint to allege their

2  true names and capacities when the same are ascertained. Plaintiff is informed and believes and

3  thereon alleges that each of the fictitiously named defendants is legally responsible in some

4  manner for the occurrences herein alleged and that the injuries of Plaintiff as herein alleged have

5  been proximately caused by the aforementioned defendants, and each of them.

6       4.      Plaintiff is informed and believes and thereon alleges that each of the defendants

7  named herein has at all times relevant to this action been the officer, agent, employee and/or

8  representative of the remaining defendants and has acted within the course and scope of such

9  agency and employment, and with the permission and consent of the co-defendants.

10      5.      Venue as to each Defendant is proper in this judicial district as actions and/or

11 omissions leading to liability in this case occurred in the County of Santa Clara.

12      6.      CRA is a leading global consulting firm that offers economic, financial, and

13 business management expertise to major law firms, corporations, accounting firms, and

14 governments around the world.

15      7.      Salant, currently engaged *inter alia* as a Visiting Professor at the Toulouse School

16 of Economics, is one of the world's leading innovators in the field of auctions and simultaneous

17 clock auction technology.

18      8.      In 2006, CRA sought to hire Salant as a Vice President. Due to a potential

19 conflict of interest between existing clients of CRA and Salant, the Vice President arrangement

20 could not be consummated. Instead, the parties agreed to enter into an arrangment whereby

21 Salant would spend three quarters of his time with CRA, and the remainder of his time servicing

22 the existing client. The intent from the outset was for this arrangement to be temporary,

23 transitioning to full time Vice President role once the conflict resolved.

24      9.      The original agreement between the parties was labeled a "Senior Consultant

25 Arrangement." That original agreement was reduced to writing, in a letter dated December 11,

26 2006. Salant worked for CRA until September 5, 2008.

27

28

- 2 -
COMPLAINT

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

1     10.    Salant began providing services for CRA in December 2006.  Despite the label of

2 "Senior Consultant," the relationship between CRA and Salant was actually one of employer and

3 employee.  Among other things, the following were indicia of the formation of an employment

4 relationship between the parties:

5          (a)    CRA provided Salant with an office in CRA's Palo Alto office

6                 space;

7          (b)    Salant performed work for CRA either out of the Palo Alto office, or

8                 out of the company's Boston office;

9          (c)    Salant was invited to, and attended, CRA officer retreats;

10        (d)    Salant's compensation was structured along the lines of existing

11              CRA senior executives;

12        (e)    CRA provided Salant with employment benefits such as health

13              coverage, the premiums for which were paid 100% by CRA;

14        (f)    Salant told CRA his needs for staffing and support, and CRA

15              provided such staffing and support;

16        (g)    CRA administrative staff spent significant amounts of time

17              supporting Salant and his work for CRA;

18        (h)    Salant provided supervision of one full time Principal, one full time

19              Associate Principal, and three analysts who were assigned to work

20              on Salant's projects;

21        (i)    Salant provided performance appraisal for at least two CRA

22              employees;

23        (j)    When conducting business on behalf of CRA, Salant held himself

24              out as a member of CRA;

25        (k)    CRA promoted Salant to potential clients/customers as a member of

26              CRA;

27

28

- 3 -
COMPLAINT

(l)     With the exception of the limited amount of time spend performing

work for the one pre-existing client, Salant dedicated all of his

working time to CRA clients during his engagement with CRA

11.    At the conclusion of his employment with CRA, on information and belief, Salant was owed in excess of $1,500,000 in compensation in the form of commissions, bonus, management credits, and billings. To date, none of that compensation has been paid.

12.    At all times relevant to this Complaint, the Unfair Competition Law ("UCL") (Cal. Bus. & Prof. Code § 17200 *et seq.*) was in full force and effect and binding on the Defendant. The UCL defines unfair competition to include any "unlawful," "unfair," or "fraudulent" business act or practice.

13.    It is a violation of the UCL for a business to retain funds which it is obligated to pay as compensation to employees or agents for labor performed for the benefit of that business.

14.    As set forth above, Salant provided services to CRA for which the parties agreed he would be compensated. CRA benefited from Salant's services. CRA has failed to provide compensation for those services, instead retaining those funds for its own benefit.

15.    CRA's conduct, as described above, constitutes an "unfair" business practice, as well as an "unlawful" business practice in that it was in breach of their agreements and/or it violates California Labor Code § 200 *et seq.* regarding the timely payment of wages.

16.    As a result of CRA's conduct, Salant has incurred injury in fact in the form of lost money.

17.    As a direct, foreseeable, and proximate result of the aforementioned acts and omissions, CRA has been unjustly enriched as a result of unfair business practices.

WHEREFORE, Plaintiff prays for relief as set forth below.

///

///

///

///

- 4 -
COMPLAINT

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

## PRAYER FOR JUDGMENT

Plaintiff David Salant prays for judgment as follows:

1. For disgorgement and restitution of all funds unlawfully or unfairly retained by CRA in violation of California Business & Professions Code § 17200 *et seq.*;

2. For special damages according to proof at trial;

3. For prejudgment interest;

4. For a judicial declaration that the relationship between Salant and CRA was one of employer and employee.

5. For all other relief the Court deems appropriate and just.

Dated: August 14, 2012

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP

By:
Noah D. Lebowitz
Attorneys for Plaintiff David Salant

DUCKWORTH PETERS LEBOWITZ OLIVIER LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104

- 5 -
COMPLAINT

# EXHIBIT B

1 | Curtis A. Graham, Bar No. 215745
Robert A. Orozco, Bar No. 201532
2 | Kevin D. Sullivan, Bar No. 270343
FORD & HARRISON LLP
3 | 350 South Grand Avenue, Suite 2300
Los Angeles, CA 90071
4 | Telephone:   (213) 237-2400
Facsimile:    (213) 237-2401
5
Attorneys for Defendant
6 | CRA INTERNATIONAL, INC.

7

8 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9 | **IN AND FOR THE COUNTY OF SANTA CLARA**

10

11 | DAVID SALANT, an individual,

CASE NO.  112-CV-230432

12 |          Plaintiff,

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

13 |          v.

14 | CRA INTERNATIONAL, INC., a
Massachusetts Corporation, and DOES 1
15 | through 10 inclusive,

Complaint filed: August 15, 2012

Trial Date:  Not Set

16 |          Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT B**

LA:129099.1

/CASE NO. 112-CV-230432

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT
DOCUMENT PRINTED ON RECYCLED PAPER

1    **TO THIS HONORABLE SUPERIOR COURT OF THE STATE OF CALIFORNIA,**

2    **IN AND FOR THE COUNTY OF SANTA CLARA, PLAINTIFF, AND HIS ATTORNEYS**

3    **OF RECORD:**

4         PLEASE TAKE NOTICE that on September 14, 2012, pursuant to 28 U.S.C. §1441,

5    defendant CRA International, Inc. filed a Notice of Removal was filed in the United States

6    District Court for the Northern District of California.

7         A copy of the said Notice of Removal (Exhibit 1) is attached to this Notice and is served

8    and filed herewith.

9         PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. §1446, the filing of

10   the Notice of Removal in the United States District Court, together with this prompt filing of a

11   copy of the same with this Court, effects the removal of this action and that the above-captioned

12   Court may not proceed further unless and until the case is remanded.

13

14   Dated: September 14, 2012                    Respectfully submitted,

15                                                FORD & HARRISON LLP

16

17                                        By: _____

18                                                Curtis A. Graham
                                                 Robert A. Orozco
19                                               Kevin D. Sullivan
                                                 Attorneys for Defendant
20                                               CRA INTERNATIONAL, INC.

21

22

23

24

25

26

27

28

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

LA:129099.1                          - 2 -
/CASE No. 112-CV-230432
                    DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT
                                                 DOCUMENT PRINTED ON RECYCLED PAPER

## PROOF OF SERVICE

I, Mary Garner, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On September 14, 2012, I served a copy of the within document(s):

**DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT PURSUANT TO 28 U.S.C. §§ 1441 AND 1446**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   by placing the document(s) listed above in a sealed Norco Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Norco agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by electronically delivering the document(s) listed above to the person(s) email address(es) set forth below.

Noah D. Lebowitz, Esq.                          Attorney for Plaintiff
Duckworth Peters Lebowitz Olivier LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
E-mail: noah@dplolaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on September 14, 2012, at Los Angeles, California.

_____
Mary Garner

LA:129099.1
/CASE NO. 112-CV-230432

DEFENDANT'S NOTICE OF REMOVAL TO FEDERAL COURT
DOCUMENT PRINTED ON RECYCLED PAPER

- 13 -

FORD & HARRISON
LLP
ATTORNEYS AT LAW
LOS ANGELES

## PROOF OF SERVICE

I, Mary Garner, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 350 South Grand Avenue, Suite 2300, Los Angeles, California 90071. On September 14, 2012, I served a copy of the within document(s):

### CRA INTERNATIONAL, INC.'S NOTICE OF REMOVAL

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ by placing the document(s) listed above in a sealed Norco Overnite Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Norco agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

Noah D. Lebowitz, Esq.
Duckworth Peters Lebowitz Olivier LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 433-0333
Facsimile: (415) 449-6556
E-mail: noah@dplolaw.com

Attorneys for Plaintiff:

☐ *Registered participants of ECF*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 14, 2012, at Los Angeles, California.

_____
Mary Garner

LA:129100.3